## STATE of Vermont v. Travis B. ROYA

[708 A.2d 908]

No. 97-078

January 6, 1998. The State brings this interlocutory appeal from a district court order that granted defendant's request to depose two minor witnesses about prior sexual abuse by other family members. The State argues that 13 V.S.A. § 3255(c) prohibits a defendant from questioning a complaining witness during a deposition about prior sexual conduct. Further, the State contends that this prohibition does not violate defendant's rights to confrontation or due process. We hold that defendant has failed to show that applying § 3255(c) in this case violates his constitutional rights, and therefore, we reverse.

Defendant has been charged with two counts of sexual assault on a minor, 13 V.S.A. § 3252(a)(3), and four counts of lewd and lascivious conduct with a child, 13 V.S.A. § 2602. Both sexual-assault charges and two of the lewd-and-lascivious-conduct charges allege defendant committed offenses against K.R.1, his niece, who is now fifteen years old. The remaining two lewd-and-lascivious-conduct charges allege defendant committed offenses against K.R.2, K.R.1's sister, who is now twelve years old, and R.R., another niece, now fifteen years old.

The mother of K.R.1 and K.R.2 found condoms and a marijuana pipe in K.R.1's bedroom, and she questioned K.R.1 about these items. K.R.1 disclosed that she was sexually involved with her boyfriend, and the boyfriend later confirmed this information. K.R.1 subsequently disclosed to her mother the sexual acts with which defendant is charged. After other members of the family learned of the accusations, K.R.2 and R.R. accused defendant of committing sexual acts against them as well. Subsequently, K.R.1 revealed that she had been sexually abused by her brother also, who later pled guilty to two counts of sexual assault against her. The same brother had admitted years previously that he had sexually abused K.R.2.

Defendant filed a motion in limine requesting that the court allow him to depose K.R.1 about sexual conduct with the boyfriend and with the brother, and K.R.2 about sexual conduct with the brother. The court granted the motion in part, holding that "counsel may inquire into [the] nature, content and timing of statement made by [the] complaining witnesses of prior sexual abuse by other family members."* The State appeals.

Vermont's Rape Shield Statute prohibits the admission at trial of evidence of prior sexual conduct of the complaining witness, with three exceptions. See 13 V.S.A. § 3255(a)(3). The statute also prohibits inquiring about prior sexual conduct during a deposition of the complaining witness. 13 V.S.A. § 3255(c). Section 3255(c) provides that, in a prosecution for sexual assault or for lewd and lascivious conduct, "if the defendant takes the dep-

osition of the complaining witness, questions concerning [prior sexual conduct of the complaining witness] shall not be permitted." There are no statutory exceptions to the rape-shield deposition rule.

Defendant maintains that applying § 3255(c) in this case violates his federal constitutional Sixth Amendment right to confrontation and Fourteenth Amendment right to due process. He also contends that § 3255(c) violates his right to call for evidence in his favor under the Vermont Constitution. See Vt. Const. ch. I, art. 10. We first consider our standard of review. Defendant argues that discovery matters are within the discretion of the trial court, and therefore, we may reverse the trial court order only if the State has shown an abuse of discretion. Here, however, we are reviewing the trial court's decision that § 3255(c), as applied in this case, violates defendant's constitutional rights. In reviewing a constitutional challenge to the application of a statute, we give no deference to the trial court. See *State v. Pulizzano*, 456 N.W.2d 325, 331 (Wis. 1990) (whether application of statute violates constitutional rights is determined without deference to trial court); see also *Sachs v. Sachs*, 163 Vt. 498, 501, 659 A.2d 678, 679 (1995) (questions of law are reviewed independently on appeal).

The Sixth Amendment right of confrontation is a trial right that is not implicated by pretrial discovery restrictions. See *State v. Percy*, 149 Vt. 623, 633, 548 A.2d 408, 414 (1988). Thus, the rape-shield deposition rule does not violate defendant's Sixth Amendment rights. Principles of due process guarantee defendant's right to discover relevant evidence, see *State v. Dunbar*, 152 Vt. 399, 408, 566 A.2d 970, 975 (1989), but, generally, this applies only to information in the hands of the State. See *Percy*, 149 Vt. at 635, 548 A.2d at 415. Indeed, defendant cites no case in which it was held that a

---

*The trial court order grants the motion in limine but limits the questioning during the depositions to sexual abuse by other family members, apparently excluding any questioning about sexual activity between K.R.1 and her boyfriend. In view of our holding, we need not decipher this apparent discrepancy.

criminal defendant had a due process right to discover evidence that was not in the hands of the State.

Although "we do not preclude the possibility that a case will arise where due process will require some access to privileged information about the victim not held by the State," we have rejected such claims where the defendant has made no showing of legitimate need for the information. *Id.* For example, in *Percy*, where the defendant made no showing that the mental health records of the victim would help his defense in any way, we held that the defendant had no constitutional right to obtain the records. See *id.* at 636, 548 A.2d at 415; see also *Dunbar*, 152 Vt. at 410, 566 A.2d at 976 (trial court's failure to order State's expert to answer questions about juvenile complainant at deposition did not violate due process where defendant made no showing that discovery sought was material to defense).

In this case, defendant alleges two purposes for deposing the complaining witnesses about prior sexual conduct: (1) to provide the complete context in which the allegations against defendant arose, and (2) to show a motive to fabricate the charges. He has, however, made no offer of proof to show that the evidence is material to his defense and not otherwise available. His allegations are therefore insufficient to overcome the § 3255(c) prohibition against such questioning. Cf. *Percy*, 149 Vt. at 635, 548 A.2d at 415 (if defense has legitimate need for information, it must use discovery powers to develop specific justification).

Defendant's allegations could be made in any case involving charges of sexual assault or lewd and lascivious conduct. See *id.* at 636, 548 A.2d at 415 (defendant's stated reason for needing mental health records of victim could be given for every victim who sought mental health counseling). If such allegations were sufficient to overcome the § 3255(c) prohibition, the exception would soon swallow the rule. Given the availability of statements made by the complaining witnesses to other family members, social workers and police officers, we cannot conclude that the discovery requested is necessary to present an adequate defense. See *id.* at 638, 548 A.2d at 417 (rejecting due process claim for expert evaluation of complaining witness where alternative sources were available for information).

Vermont is one of the few states that authorizes depositions for discovery purposes in criminal cases. See *State v. Kiser*, 158 Vt. 403, 406, 610 A.2d 135, 137 (1992) (criminal defense discovery depositions authorized in Vermont and only four other states). Recognizing that it is unlikely that there is a federal constitutional right to ask specific questions at a discovery deposition, defendant relies on his right to call for evidence in his favor under the Vermont Constitution. See Vt. Const. ch. I, art. 10. A criminal defendant challenging a statute that is valid under the federal constitution, however, bears the burden of explaining why the Vermont Constitution provides greater protection. See *State v. Read*, 165 Vt. 141, 153, 680 A.2d 944, 951 (1996). Defendant here has failed to present any argument in this regard.

Finally, defendant relies on *Pulizzano*, in which the Wisconsin Supreme Court ruled that the defendant had a Sixth Amendment right to cross-examine the complaining witness at trial about a prior sexual assault to show an alternative source for the child's sexual knowledge, despite the prohibition against such questioning by the Wisconsin rape-shield statute. 456 N.W.2d at 334-35. *Pulizzano* is not analogous to the instant case because it involved the defendant's trial rights, which implicated the Sixth Amendment, whereas this case involves discovery rights at depositions, which are not protected by the Sixth Amendment. Moreover, the defendant in *Pulizzano* made an offer of proof, satisfying a five-prong test,

which the court held necessary to establish a constitutional right to present the evidence. See *id.* at 333. No offer of proof was made here.

*Reversed.*